JAMES W. HELTON v. DANIEL W. McLEOD ET AL.

[46 South. 534.]

1. ATTACHMENTS. *Justice of the peace's court. Appeal to circuit court. Amendment.*

    The circuit court may, in an attachment case appealed from the court of a justice of the peace, allow the plaintiff to amend his affidavit upon which the attachment was sued out, adding other causes thereto.

2. SAME. *Code 1906, § 133. Different grounds for attachment. Disjunctive allegations of grounds.*

    While it is improper to charge two or more of the grounds for attachment, specified in Code 1906, § 133, in the disjunctive, any one of the grounds may be charged in the language of the statute, although it may contain a disjunctive.

FROM the circuit court of Jackson county.

HON. WILLIAM H. HARDY, Judge.

McLeod and another, partners, members of the firm of McLeod & Dantzler, appellees, were plaintiffs in the court below; Helton, appellant, was defendant there. From a judgment in plaintiffs' favor defendant appealed to the supreme court.

This was an attachment suit under Code 1906, § 133, instituted by plaintiffs against defendant, before a justice of the peace, the sum demanded being $160.30. The original affidavit alleged that "the said Helton has removed or is about to remove himself or his property out of this state." The justice of the peace, on the trial before him, sustained the attachment and rendered a judgment in plaintiffs' favor against defendant for $116.95. From this judgment the defendant appealed to

the circuit court.   In the circuit court the plaintiff was allowed to amend the affidavit for attachment, and there were a jury trial, verdict and judgment in plaintiffs' favor for $131.55 and costs.

In the supreme court the appellees, plaintiffs below, moved to strike from the record the stenographer's report of the testimony on the trial below, for the reason that the same was not authenticated, as provided by Code 1906, §§ 4790, 4794, there being no showing that it was signed and certified by the official stenographer of the court below, and also because not signed and approved by the circuit judge.   This motion was sustained, and the supreme court decided the case on the record excluding the stenographer's report.

*E. M. Barber,* for appellant.

The first assignment of error presents the question whether or not the plaintiffs' appellees here, could so amend their affidavit as to present a separate and distinct cause of action from that made and relied on in the magistrate's court, so as to have the same extended back as the basis of the attachment suit in the magistrate's court.

The original ground relied on for the issuance of the writ of attachment was "that said Helton has property that he is about to remove out of this state with the intent to place it beyond the reach of his creditors."   I fail to find this alleged ground of attachment in Code 1906, chap. 9, in reference to attachments. Now, if there was no such ground of attachment under the statute law, was not the attachment illegally sued out before the justice of the peace ?   And if the justice of the peace had no jurisdiction, how could the circuit court have any on appeal,

In the circuit court, on appellees' motion, the circuit court permitted the affidavit to be so amended as to read that "the said Helton has removed or is about to remove himself or his property out of this state."   Proper exception was taken by appellant to the action of the court.   This amended affidavit, inter-

posed for the first time in the circuit court, made a new ground of attachment differing from that upon which the magistrate had issued the original writ.

The affidavit, being the basis of the suit in the magistrate's court, could not legally be amended in the circuit court on appeal so as to allege a new and different ground of attachment.

It may be contended by appellees that under our liberal statutes, an amendment of the affidavit, made for the first time in the circuit court on appeal from the magistrate's court, should be allowed. This however cannot be, for the reason that an affidavit in attachment is no part of the pleadings in the case; it is jurisdictional in its nature, and is the foundation of the proceeding in attachment. 4 Cyc. 469; *Page v. Ford,* 2 Smed. & M. 266.

Under the terms of the amended affidavit, to-wit, "that the said Helton has removed or is about to remove himself or his property out of this state," two separate grounds of attachment are embraced. Upon which one of the two alleged grounds did the appellees rely?

It is erroneous to state several causes for attachment disjunctively. *Bishop v. Finnerly,* 46 Miss., 507; *Montague v. Gaddis,* 47 Miss., 453; *Dreyfus v. Mayer,* 69 Miss. 283, 12 South. 267.

*Denny & Denny,* for appellees.

The circuit court had ample authority to allow appellees to amend the affidavit in the circuit court on appeal. *Dunlop v. Clay,* 65 Miss. 454, 4 South. 118; *Griffin v. Mills,* 40 Miss. 611; *Gale v. McDaniel* 69 Miss., 337, 12 South. 556.

The contention that the magistrate's court and subsequently the circuit court were without jurisdiction because the ground alleged in the affidavit, before its amendment, was not in the exact words of the statute law, is not at all well founded. *Wallace v. Wallace,* 6 How. (Miss.) 254; Code 1906, §§ 86, 775.

As amended, the affidavit followed the language of the statute

law, Code 1906, § 133, (2).   It will be noted that the language
of the statute itself alleges the cause in disjunctive form, hence
there was no error on the part of appellees in strictly following
the form in amending the affidavit.

We state the foregoing in answer to the objections of appel-
lant.    But as the motion of appellees to strike out the stenog-
rapher's notes of evidence has been recently sustained by this
court, the court must affirm the judgment of the court below.
*Young v. Sturgett,* (Miss.) 34 South. 322; *Barber v. Sintes,* 78
Miss. 585 28 South. 722.

CALHOON, J., delivered the opinion of the court.

This is an action begun by attachment.   The stenographer's
report of the evidence was stricken out on motion.   It is said
in the brief for appellant that the original affidavit was "that
said Helton has property that he is about to remove out of this
state with the intent to place it beyond the reach of his credi-
tors."    It is also said in that brief that the court below permit-
ted that affidavit to be amended so as to read that "the said
Helton has removed or is about to remove himself or his prop-
erty out of this state."    If the court permitted this amendment,
it had the right to do it; but when we look at the record we find
that the original affidavit in attachment reads thus:   That "the
said Helton has removed or is about to remove himself or his
property out of this state."    To show any change in this we
have to refer to the stenographer's report, which has been
stricken out on motion.

The further point is made that, under the terms of the affi-
davit, to-wit, "that the said Helton has removed or is about to
remove himself or his property out of this state" it is defective,
because it embraces two grounds of attachment, and the two
grounds are connected by a distinctive conjunction.   This will
not do.    There are eleven distinct grounds of attachment.   It
would be bad practice to aver any two or more of those eleven
distinct grounds connecting them with a disjunctive conjunc-

tion; but, where either of the distinct grounds has a disjunctive within itself, it is always proper to aver it, in the terms of the statute, with the disjunctive.

The other objections made in the brief of appellant cannot be decided without reference to the stenographer's report, which was stricken out.

*Affirmed.*